# EXHIBIT A

**From:** sop <sop@cscinfo.com>
**Sent:** Thursday, May 6, 2021 11:24 AM
**To:** Timothy Scanlan
**Subject:** Notice of Service of Process - Transmittal Number: 23160492 [External Sender]

**CAUTION:** This email originated from outside of Omega Flex. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**NOTICE OF SERVICE OF PROCESS**

**Transmittal Number: 23160492**
(Click the Transmittal Number to view your SOP)

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | Omega Flex, Inc. |

| | |
|---|---|
| **Entity I.D. Number:** | 1693987 |
| **Entity Served:** | Omega Flex, Inc. |
| **Title of Action:** | Michael Sharrock vs. Omega Flex, Inc. |
| **Matter Name/ID:** | Michael Sharrock vs. Omega Flex, Inc. (11207499) |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Vernon County Circuit Court, Missouri |
| **Case/Reference No:** | 21VE-CV00200 |
| **Jurisdiction Served:** | Pennsylvania |
| **Date Served on CSC:** | 05/04/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
Michael B. Hill
314-863-5200

---

**Primary Contact:**
Mr. Timothy Scanlan
Omega Flex, Inc.

To review other documents in this matter, please link to CSC's Matter Management Services at www.cscglobal.com

---

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

---

# SHERIFF'S OFFICE OF DAUPHIN COUNTY

**Nicholas Chimienti, Jr.**
*Sheriff*

**David B. Dowling**
*Solicitor*

**Jack Duignan**
*Chief Deputy*

**David E. Olweiler**
*Real Estate Deputy*

MICHAEL SHARROCK AND MAUREEN SHARROCK
vs.
OMEGA FLEX, INC.

**Case Number**
2021-T-1157

## SERVICE COVER SHEET

request · service · ledger

**Service Details:** Origin: MO

| | | | | | |
|---|---|---|---|---|---|
| *Category:* | Civil Action - Petition & Summons (PET & SUM) | | | *Zone:* | |
| *Manner:* | Adult in Charge | *Expires:* | 05/21/2021 | *Warrant:* | |
| *Notes:* | MEGAN M. TRITT | | | | |

**Serve To:**

*Name:* OMEGA FLEX, INC.

*Primary Address:* C/O CSC, 2595 INTERSTATE DRIVE
SUITE 103
HARRISBURG, PA 17110

*Phone:*  *DOB:*

*Alternate Address:*

*Phone:*

**Final Service:**

*Served:* Personally · Adult In Charge · Posted · Other

*Adult In Charge:*

*Relation:*

*Date:*  *Time:*

*Deputy:*  *Mileage:*

**Attorney / Originator:**

*Name:* MCMAHON HILL, LLC  *Phone:* 314-863-5200

**Service Attempts:**

| | | | | | | |
|---|---|---|---|---|---|---|
| *Date:* | | | | | | |
| *Time:* | | | | | | |
| *Mileage:* | | | | | | |
| *Deputy:* | | | | | | |

**Service Attempt Notes:**

1.
2.
3.
4.
5.
6.



# IN THE 28TH JUDICIAL CIRCUIT, VERNON COUNTY, MISSOURI

| Judge or Division: DAVID R. MUNTON | Case Number: 21VE-CV00200 | |
|---|---|---|
| Plaintiff/Petitioner: MICHAEL RAY SHARROCK vs. | Plaintiff's/Petitioner's Attorney/Address: MICHAEL BRYAN HILL 7730 CARONDELET AVE STE 147 CLAYTON, MO 63105 | FILED Vernon County Circuit Court 4/21/2021 05:02 PM |
| Defendant/Respondent: OMEGA FLEX, INC. | Court Address: VERNON COUNTY COURTHOUSE 100 WEST CHERRY, SUITE 15 NEVADA, MO 64772 | |
| Nature of Suit: CC Property Damage | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
**(Except Attachment Action)**

**The State of Missouri to: OMEGA FLEX, INC.**
**Alias:**
**CORPORATION SERVICE COMPANY**
**2595 INTERSTATE DRIVE, #103**
**HARRISBURG, PA 17110**

*COURT SEAL OF* CIRCUIT COURT OF MISSOURI *VERNON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

4-21-2021 Date ______ [signature] Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is ______ of ______ County, ______ (state).
3. I have served the above summons by: (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with ______, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to ______ (name) ______ (title).
   - ☐ other: ______.

Served at ______ (address)

in ______ County, ______ (state), on ______ (date) at ______ (time).

______ Printed Name of Sheriff or Server ______ Signature of Sheriff or Server

**Subscribed and sworn to** before me this ______ (day) ______ (month) ______ (year).

I am: (check one)
- ☐ the clerk of the court of which affiant is an officer.
- ☐ the judge of the court of which affiant is an officer.
- ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

______ Signature and Title

**Service Fees**

| | |
|---|---|
| Summons | $______ |
| Non Est | $______ |
| Mileage | $______ (______ miles @ $ ______ per mile) |
| **Total** | $______ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - Vernon - April 16, 2021 - 08:56 AM

IN THE CIRCUIT COURT OF VERNON COUNTY, MISSOURI

| | | |
|---|---|---|
| MICHAEL SHARROCK and MAUREEN SHARROCK, | § | |
| Plaintiffs, | § | |
| vs. | § | Case Number |
| OMEGA FLEX, INC., | § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL PETITION FOR DAMAGES**

**COME NOW, MICHAEL SHARROCK AND MAUREEN SHARROCK** ("Plaintiffs"), by and through their attorneys of record, and complains of **OMEGA FLEX, INC.** ("Omega Flex" or "Defendant") and for cause of action would respectfully show the Court as follows:

**I. PARTIES, VENUE AND JURISDICTION**

1. Plaintiffs, **MICHAEL SHARROCK AND MAUREEN SHARROCK**, are individuals of majority age, residing in the state of Missouri, and can be reached through counsel herein.

2. Defendant **OMEGA FLEX, INC.** is a foreign corporation formed and existing under the laws of the State of Pennsylvania. Defendant Omega Flex, at all relevant time, has engaged in business in the State of Missouri, as more particularly described below. Defendant does not maintain a place of business in Missouri and has no designated agent on whom service of citation may be made in this case. The cause of action arose from and are connected with the purposeful acts committed by Defendant in Missouri because Defendant advertised, sold and delivered the Corrugated Stainless Steel Tubing ("CSST") that is the subject of this litigation to distributors and entities in the State of Missouri. Accordingly, Defendant may be cited by serving a copy of this Petition by serving its registered agent: Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.

3. The "Property" is located at 16039 S. 1100 Road, Nevada, Missouri 64772.

4. Venue of this suit is proper in Vernon County, Missouri pursuant to Section 508.010(4) of the Missouri Revised Statutes for the reason that Plaintiffs were first injured by the wrongful acts and negligent conduct of Defendant in Vernon County.

5. The Court has jurisdiction over this matter because the amount in controversy exceeds

Electronically Filed - Vernon - April 16, 2021 - 08:56 AM

$25,000.00.

## II. STRICT PRODUCTS LIABILITY

6.  This case involves a products liability cause of action which arises from the design, manufacturing, and marketing defects of corrugated stainless steel tubing (commonly known and referred to as "CSST") that was installed in the home located at 16039 S. 1100 Road, Nevada, Missouri 64772 (the "Property"), which was owned by Plaintiffs (hereinafter referred to also as the "CSST," "product" or "product in question").

7.  The CSST, which is further identified as yellow jacketed TracPipe brand CSST was manufactured, designed, marketed, and/or distributed by Defendant, was installed at the Property in or about 2005. The CSST product was designed and intended as a substitute flexible gas delivery system to the more robust black iron pipe.

8.  At all times relevant to this matter, Defendant was engaged in the business of designing, manufacturing, marketing, and distributing CSST products in Missouri, as well as across the United States, where the product has now been installed in well over six million (6,000,000) homes and businesses.

## III. FACTS

9.  At all times relevant hereto, Plaintiffs were the owners of the residence located at 16039 S. 1100 Road, Nevada, Missouri 64772 (the "Property"). The Property underwent a large remodel in or around 2005, which is when the CSST was installed in the Property. At all times relevant to this lawsuit, Defendant Omega Flex was the manufacturer and/or distributor of the CSST that was installed in the Property at the time of the fire.

10.  On May 7, 2019, a fire erupted in the Property. 9-1-1 was called, and when the fire department arrived they encountered dark, heavy smoke at the Property. Although the fire was eventually extinguished, the fire and the resulting fire suppression activities caused extensive damage to the Property and the personal property therein. When the Property was inspected, it was determined that lightning had struck at or near the Property, and a hole was discovered in the CSST at issue that was in the area of origin of the fire on the north side of the Property, near the roof line.

Electronically Filed - Vernon - April 16, 2021 - 08:56 AM

11. It is widely known that the electrical charge produced by lightning can be distributed across CSST and ultimately cause it to fail as a result of one or more punctures in the thin-walled CSST. The punctures in the CSST allow natural or propane gas to escape which ignites and fuels the fire and/or explosion. Manufacturers and distributors of CSST, like Defendant, have known about this failure scenario for years, yet they continued to sell this dangerous product, even in areas where there is a heightened risk of lightning strikes, including Missouri.

## IV. CAUSES OF ACTION AGAINST DEFENDANT OMEGA FLEX

### COUNT ONE -- NEGLIGENCE

12. Plaintiffs incorporate the foregoing paragraphs by reference as though fully set forth herein.

13. Plaintiffs would show that on the occasion in question, Defendant owed a duty to exercise ordinary care in the design, preparation, manufacture, and sale of their CSST product. The CSST product in question was defective and unsafe for its intended purposes at the time it left the control of Defendant and at the time it was installed in the Property. The CSST product was defective in that it failed to conform to the product design and specifications of other similar products. But for such occurrence, the probability that Defendant's product would fail would have been lessened. Defendant breached this duty and, as a direct and proximate result of its negligence, caused Plaintiff to suffer injury.

14. The negligent acts and/or omissions on the part of Defendant include, but are not limited to, the following:

a. Supplying the defective CSST product in question which Defendant knew, or should have known, subjected property and lives to an unreasonable risk of harm;

b. Supplying the CSST product in question to distributors, suppliers, and installers with the knowledge that the CSST product was prone to fail due to its inferior wall thickness, was defective and unreasonably dangerous to persons and property;

c. Failing to warn the public, specifically including Michael Sharrock, of the defective condition of the CSST product, which it knew created an unreasonable risk of harm to real and personal property, and/or failed to warn the public and Plaintiffs that the CSST product was prone to fail when subjected to the electrical charge from lightning;

d. Failing to conduct sufficient research and development for the CSST product before introducing it into the U.S. stream of commerce;

Electronically Filed - Vernon - April 16, 2021 - 08:56 AM

e. Failing to provide, establish and/or follow proper and adequate controls and/or procedures so as to ensure the safety and integrity of the CSST product in the marketplace;

f. Failing to design, construct, fabricate, inspect and/or test the CSST product in question in conformity with the prevailing industry and national standards, including, but not limited to, lightning strike testing;

g. Failing to design the outer jacket of the CSST product so that it would efficiently dissipate the electrical charge produced by a direct or indirect lightning strike;

h. Failing to institute a safer alternative design for the CSST product;

i. Failing to mandate the use of a lightning protection system on structures where the CSST product is installed;

j. Failing to disseminate to consumers, specifically including Plaintiffs, and other intermediaries adequate instructions addressing ways to protect the CSST product from lightning and other common household electricity;

k. Failing to test the CSST product to ensure its integrity and ability to withstand the electrical charge emitted from a lightning strike without being compromised;

l. Failing to warn consumers, specifically including Plaintiffs, and intermediaries that a 6 AWG bonding/jumper wire will not sufficiently dissipate the electrical charge emitted from a lightning strike;

m. Failing to warn consumers, specifically including Plaintiffs, and intermediaries, that lightning induced CSST failures can cause fires and loss of life;

n. Failing to warn consumers, specifically including Plaintiffs, that the yellow-jacket encasing the CSST actually focuses the energy from lightning onto the CSST leading to perforations, arcing and fire;

o. Otherwise, failing to use due care in manufacturing and marketing the CSST product to consumers, specifically including Plaintiffs; and

p. Failing to make safe all premises known to have used CSST gas plumbing by recalling the product for replacement with a safer alternative design.

15. Each of the above-referenced acts and omissions, either singly and/or in combination with others, constitutes negligence on the part of Defendant, which proximately caused damage to Plaintiffs in an amount in excess of the minimum jurisdictional limits of this court.

Electronically Filed - Vernon - April 16, 2021 - 08:56 AM

**Failure to Warn**

16. Plaintiffs would show further that Defendant has an ongoing duty to warn consumers (present and past) of the inherent dangers in the CSST product, to wit: failure of the CSST product will occur when an electrical charge from a direct or indirect lightning strike travels across the product. Despite Defendant knowing that its CSST product is prone to perforations or damage from the electrical charge produced by lightning they have failed to warn and/or provide adequate warnings to consumers, including Plaintiffs, about the defect in its CSST product.

17. Defendant has an absolute duty to warn consumers, and Plaintiffs in particular, of the possibility of failure of the CSST product in certain circumstances and had an ongoing duty to provide adequate warnings to all persons who have this product in their home or business concerning the use of its CSST product in the absence of known and readily available safeguards such as a lightning protection system. Defendant has not provided any safety warnings directly to consumers, including Plaintiffs.

18. Defendant has had actual knowledge of the danger that its CSST product was failing from the electrical charge emitted from lightning strikes, and has done nothing to modify its product with appropriate safeguards to ensure against continued failures, has done nothing to warn the public and intermediaries of the real dangers associated with its CSST product and lightning, and has refused to recall this dangerous product from the market place. Plaintiffs allege that any warnings or instructions that relate to the CSST product were not provided to Plaintiffs by any person in the stream of commerce.

19. Plaintiffs would show that the negligent acts and/or omissions on the part of Defendant were the proximate cause of damages in an amount within the jurisdictional limits of this Court.

**COUNT TWO -- STRICT LIABILITY**

20. Plaintiffs incorporate the foregoing paragraphs by reference as though fully set forth herein.

21. The CSST product in question was defective and unsafe for its intended purposes at the time it left the control of Defendant and at the time it was installed in the Property. Defendant knew that its CSST product was defective and that it presented the probability of harm to any foreseeable users unless it was free from defects. Therefore, Defendant had a duty to foreseeable users, and to Plaintiffs in particular, to inspect the CSST product in question to determine whether

Electronically Filed - Vernon - April 16, 2021 - 08:56 AM

it would be reasonably fit for its intended purposes and warn or give fair and adequate notice to consumers of the inherently dangerous condition which existed as a result of its defective product.

22. A defect existed in the CSST product at the time it left the possession of Defendant that was a producing cause of the occurrence in question and the injuries, and damages set forth herein. The defect rendered the CSST product in question unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use. A safer alternative design has existed for decades in the form of black iron pipe that would have eliminated the risk of the occurrence in question without substantially impairing the product's utility and was economically and technologically feasible at the time the product left the control of Defendant by the application of existing or reasonably achievable scientific knowledge. Defendant's CSST product, in comparison to black iron pipe, has substantially greater susceptibility to perforation by lightning-induced energy than does black iron pipe, rendering Defendant's product defective and posing substantially greater fire hazard and loss of property and life.

**<u>Safer Alternative Design</u>**

23. There exist multiple different and better safer alternative designs to the thin-walled CSST product.

24. Defendant could have implemented one or more safer alternative designs including, but not necessarily limited to, incorporating a metallic shield running the length of the CSST ("safer alternative design"). The safer alternative design would have prevented the electrical charge from the lightning strike, whether direct or indirect, from traveling on the surface of the thin-walled CSST which, in turn, would have prevented the electric charge from perforating the CSST and igniting a fire. Among the safer alternative designs is black iron pipe; in the lightning event relevant to this case, the black iron pipe demonstrated its safety relative to the CSST when it remained viable and un-compromised after the lightning strike.

25. Any one of the safer alternative designs mentioned herein would have prevented or significantly reduced the risk of damage to the Property from the CSST product without substantially impairing the product's utility. Additionally, including one or more of the safer alternative designs with the CSST was economically and technologically feasible at the time the product left Defendant's control based on the research and scientific knowledge possessed by Defendant.

Electronically Filed - Vernon - April 16, 2021 - 08:56 AM

26. Plaintiffs were unaware of the defects inherent in the CSST product in question or of any danger that could result from the use thereof at the time he used the CSST product in question. These defects were the proximate and the producing cause of Plaintiffs' damages. Such being the case, Plaintiffs invoke the doctrine of strict liability in tort.

**COUNT THREE – BREACH OF EXPRESS AND IMPLIED WARRANTY**

27. Plaintiffs incorporate the foregoing paragraphs by reference as though fully set forth herein.

28. Defendant held out to the general public, and to Plaintiffs specifically, that the CSST product in question would conform with the qualities of the same or similar products. As a result of Defendant's actions, Defendant breached an express warranty they made.

29. Defendant held out to the general public, and to Plaintiffs specifically, that the CSST product in question would be suitable for its ordinary purpose and intended use and that the product would be of merchantable quality. As a result of Defendant's actions, Defendant breached an implied warranty of merchantability and usage of trade.

30. Plaintiffs have suffered the damages set forth herein as a result of Defendant's breach of the foregoing warranties and pleads for recovery of all damages, both actual and consequential, to which they are entitled under Missouri law.

## V. DAMAGES

31. Plaintiffs incorporate the foregoing paragraphs by reference as though fully set forth herein.

32. As a result of Defendant's negligence, strict liability and breach of express and implied warranties, Plaintiffs sustained damage to their real and personal property in an amount within the jurisdictional limit of this Court. After allowing for all just and lawful offsets, payments, and credits, Defendant continues to be indebted to Plaintiffs.

33. Plaintiffs hereby assert their claim for damages as described above. All conditions precedent to Plaintiffs' recovery have been performed or have occurred as required.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs requests that Defendant OMEGA FLEX, INC. be cited to appear and answer herein, and that on final hearing, Plaintiffs recover:

Electronically Filed - Vernon - April 16, 2021 - 08:56 AM

1. A judgment against Defendant for actual damages in the amount that is fair and reasonable;

2. A judgment against Defendant for pre- and post-judgment interest as allowed by law;

3. A judgment against Defendant for such other and further relief, both general and specific, in equity and at law, to which Plaintiffs may be justly entitled.

Respectfully submitted,

MCMAHON HILL, LLC

**/s/ Michael B. Hill**

MARK G. MCMAHON #30020
MICHAEL B. HILL #63505
Attorneys for Plaintiffs
7730 Carondelet Ave., Ste. 147
Clayton, MO 63105
(314)863-5200
Fax (314)863-1723

RECEIVED

2021 APR 27 PM 12: 07

DAUPHIN COUNTY
SHERIFF'S OFFICE
HARRISBURG, PA 17101